UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
GUSTAVIA HOME LLC,                 :    16 Civ. 9318 (JCF)
                                   :
            Plaintiff,             :    MEMORANDUM
                                   :    AND ORDER
     - against -                   :
                                   :
ROYSTON D. BROWN A/K/A ROYSTON     :
BROWNE, CONSTANCE R. BROWN A/K/A   :
CONSTANCE R. BROWNE, NATIONSTAR    :
MORTGAGE LLC, DEPARTMENT OF        :
HOUSING PRESERVATION &             :
DEVELOPMENT, CITY OF NEW YORK      :
ENVIRONMENTAL CONTROL BOARD, CITY  :
OF NEW YORK DEPARTMENT OF FINANCE  :
PARKING VIOLATIONS BUREAU CITY     :
COLLECTOR & BRONX REDEMPTION       :
CENTER, "JOHN DOE" and "MARY DOE," :
said names being fictitious, it    :
being the intention of Plaintff to :
designment any and all occupants,  :
tenants, persons or corporations,  :
if any, having or claiming an      :
interest in or lien upon the       :
premises being foreclosed herein,  :
                                   :
            Defendants.            :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE



Gustavia Home LLC ("Gustavia") brings this action to foreclose on a mortgage encumbering the property commonly known as 1723 Taylor Avenue, Bronx, New York 10460, pursuant to New York Real Property Actions and Proceedings Law § 1301 et seq. Nationstar Mortgage LLC ("Nationstar"), one of the defendants in this action, is the mortgagee of another mortgage encumbering 1723

1

Taylor Avenue. Nationstar moves to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Nationstar argues that this court lacks subject matter jurisdiction under the prior exclusive jurisdiction doctrine and that the lawsuit is barred by res judicata, collateral estoppel, and the prior pending doctrine because of a pending mortgage foreclosure action filed by Aurora Loan Services, LLC ("Aurora"), Nationstar's predecessor-in-interest on its mortgage, in New York State Supreme Court, Bronx County. (Memorandum of Law in Support of Defendant Nationstar Mortgage LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Pursuant to Rule 12(b)(6) and in Support of Nationstar's Motion for Rule 11 Sanctions ("Def. Memo.") at 5-10; Corporate Assignment of Mortgage dated May 5, 2009, attached as part of Exh. A to Declaration of Joyce A. Davis dated July 19, 2017 ("Davis Decl.")).

Aurora filed the state court action on June 5, 2009. (Summons ("State Court Summons"), Aurora Legal Services, LLC v. Browne, Index No. 381143/09 (N.Y. Sup. Ct. June 5, 2009), attached as Exh. E to Davis Decl.). The defendants in the state court action defaulted, and an Order of Reference was entered on the default in September 2010. (Decision/Order ("1/26/17 Order"), Nationstar

Mortgage, LLC v. Browne, Index No. 381143/09 (N.Y. Sup. Ct. Jan. 26, 2017), attached as Exh. H to Davis Decl.). Gustavia's predecessor-in-interest on its mortgage, Mortgage Electronic Registration Systems, Inc. ("MERS"), is one of the defendants in the state court action. (State Court Summons; Corporate Assignment of Mortgage dated July 6, 2008, attached as part of Exh. B to Davis Decl.).

MERS assigned its mortgage to Gustavia in September 2016. (Corporate Assignment of Mortgage dated Sept. 16, 2016, attached as part of Exh. B to Davis Decl.). In November 2016, Gustavia filed a motion to vacate the defendants' default and the Order of Reference entered on the default. (Def. Memo. at 4; Memorandum of Law in Opposition to Defendant Nationstar Mortgage LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Pursuant to Rule 12(b)(6) and in Opposition of Nationstar's Motion for Rule 11 Sanctions ("Pl. Memo.") at 3). The motion was denied on January 26, 2017, because Gustavia was not a party to the state court action and had not sought to intervene as a successor assignee. (1/26/17 Order). Gustavia instituted this action on December 2, 2016, while that motion was still pending.

On May 2, 2017, the state court entered a Judgment of Foreclosure and Sale in favor of Nationstar. (Judgment of Foreclosure and Sale, Aurora Loan Services, LLC v. Browne, Index

3

No. 381143/09 (N.Y. Sup. Ct. May 2, 2017), attached as Exh. I to Davis Decl.). On July 6, 2017, Gustavia moved for leave to intervene in the state court action and to vacate the Judgement of Foreclosure and Sale. (Def. Memo. at 4; Pl. Memo. at 3). That motion is still pending. (Def. Memo. at 4; Pl. Memo. at 3).

The outcome of Nationstar's motion to dismiss this action may turn on the resolution of Gustavia's pending motion in the state court action. That is, if the motion is denied, the state court may no longer be exercising jurisdiction over 1723 Taylor Avenue, in which case the prior exclusive jurisdiction doctrine would not apply. See Chapman v. Deutsche Bank National Trust Co., 651 F.3d 1039, 1043-44 (9th Cir. 2011) ("The prior exclusive jurisdiction doctrine holds that 'when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.'" (quoting Marshall v. Marshall, 547 U.S. 293, 311, (2006)); Bergsrud v. Bank of America, N.A., 13 CV 998, 2014 WL 280920, at *2 (D. Nev. Jan. 23, 2014) (holding that "the prior-exclusive jurisdiction does not apply" where "the action in [] state court involving the property that is at the heart of this case has been dismissed"). Nor would the "prior pending" or "prior pending action" doctrines. See Zigmund v. Foster, 106 F. Supp. 2d 352, 363 (D. Conn. 2000) ("[R]eliance on the prior pending action doctrine is misplaced" where state court

4

case "is no longer pending"). And, of course, if Gustavia's motion is granted, the Judgment of Foreclosure and Sale would no longer be a final judgment on the merits that could justify the application of res judicata or collateral estoppel. Therefore, Nationstar's motion to dismiss (Docket no. 37) and motion for sanctions (Docket no. 39) are denied without prejudice to a future application after Gustavia's motion to intervene and vacate the Judgment of Foreclosure and Sale in the state court action is resolved. Until that time, this action is stayed.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       September 15, 2017

Copies transmitted this date:

Rafi Hasbani, Esq.
Hasbani & Light, P.C.
401 Park Ave., 10th Floor
New York, NY 10016

Joyce A. Davis, Esq.
Fidelity National Law Group
350 Fifth Ave., Suite 3000
New York, NY 10118