UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

WINDWARD BORA LLC,

                                  Plaintiff,

              -against-

ROYSTON   D.   BROWNE;   CONSTANCE   R.
BROWNE,

                             Defendant(s).

-------------------------------------------------------------------x

Case No.: 1:20-cv-04748-BCM

**AFFIDAVIT IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

STATE OF <u>FLORIDA</u>     )
                           ) ss:
COUNTY OF <u>MIAMI-DADE</u> )

<u>YONEL DEVICO</u>, being duly sworn, deposes and says:

    1.     I am the sole Member of the plaintiff Windward Bora LLC ("Plaintiff"), the plaintiff herein, and, as such, I am fully familiar with the facts and circumstances hereinafter set forth based upon a review and examination of the records maintained in the regular course of business. It is the regular course of business to keep and maintain such records.

    2.     As an employee of Plaintiff, I am fully familiar with Plaintiff's record keeping practices as well as its standard mailing practices and procedures. I have access to the business records of Plaintiff (the "Records"), which include the records associated with Royston D. Brown and Constance R. Browne's (collectively the "Borrowers") loan that is the subject matter of in instant action seeking a monetary judgment for Borrowers' breach of the terms of the underlying Note. Plaintiff's Records are maintained in the course of Plaintiff's regularly conducted business activities and are made at or near the time of the event or occurrence that was memorialized. The historical business records ("Historical Records") consist of records kept and maintained by all prior owners, holders, custodians and servicers of the subject note and mortgage, all of which have been boarded, incorporated and merged into the Records of Plaintiff. As a part of its boarding

process, Plaintiff verifies the information received from its predecessors in the Historical Records. Plaintiff relies on these incorporated Historical Records in the ordinary course of its business.

3.    I make this affidavit based upon my review and examination of the Records, which include data compilations, electronically imaged documents, prior servicer documents and others, relating to the Borrower's Loan and from my own personal knowledge of how they are made, kept and maintained in the regular course of business. It is the regular course of business to keep and maintain the aforesaid Records, and all Historical Records relating to this Loan are relied upon in connection with making this Affidavit.

4.    The above-entitled action is brought for a monetary judgment, as a result of the Borrowers failure to make payments in accordance with the $100,500.00 Note defined herein.

5.    This affidavit is submitted in support of Plaintiff's instant motion seeking summary judgment.

6.    On or about July 21, 2005, Borrowers borrowed $105,000.00 from of First Estate Funding Corp, plus interest (the "Loan"). On or about July 21, 2005, Borrowers memorialized this obligation by executing a note in the amount of $105,000.00 (the "Note") in favor of First Estate Funding Corp with interest as set forth in the Note. A copy of the endorsed Note is annexed hereto an **Exhibit A**. The note provided for repayment in monthly installments. *See id.*

7.    On July 1, 2014, and each month thereafter, the Borrowers defaulted under the terms of the Note by failing to tender each monthly payment. A copy of the payment history is annexed hereto as **Exhibit B**.

8.    By the Mortgage Loan Purchase Agreement dated November 1, 2019, Plaintiff purchased the Loan. A copy of the Mortgage Loan Purchase Agreement is annexed hereto as **Exhibit C**.

9.      The endorsed Note was physically received by Plaintiff on November 2, 2019. *See* **Exhibit A**. On July 9, 2021, the original collateral file containing the endorsed Note was delivered to The Margolin & Weinreb Law Group, LLP, where it remains today. I have reviewed the original Note with endorsement and attest that it is the same as the copy of the Note with endorsement affixed hereto. Furthermore, a copy of this endorsed Note was attached to the Complaint at commencement. *See* ECF Dkt. No.: 1.

10.     Thus, at the time Plaintiff commenced this action, it was in possession of the endorsed Note.

11.     I directed The Margolin & Weinreb Law Group, LLP to demand the outstanding payments were duly demanded by mailing a demand letter (the "Demand Letter") by first class mail by depositing same in an official depository under the exclusive control and custody of the United States Postal Service to the Borrower on January 22, 2020. Copies of the Demand Letters are collectively annexed hereto as **Exhibit D**.

12.     As of March 31, 2022, the principal amount due and owing to Plaintiff, including all accrued and unpaid interest and late charges is $166,477.03, plus late fees, legal fees, costs and expenses, and such sums as Plaintiff may have advanced for taxes, insurance and maintaining the Property. *See* **Exhibit E**.

I respectfully submit this affidavit knowing full well that the United States District Court, Southern District of New York is relying upon the trust of the statements contained herein. I hereby make oath or affirmation that the contents of this affidavit are true and correct to the best of my knowledge, information and belief.

Dated:  Miami, Florida
        April __, 2022

        *May 2*

                                    WINDWARD BORA LLC.

                                    Name: Yonel Devico
                                    Title:  Member


STATE OF <u>FLORIDA</u>        )
                              ) ss:
COUNTY OF <u>MIAMI-DADE</u> )

On *MAY 2* _____ , 2022, before me, *Mott Kornicki* _____ , a Notary Public in and
for said County and State, personally appeared *Yonel Devico* _____ , who is
**"CIRCLE ONE"** <u>personally known to me</u> or <u>proved to me on the basis of satisfactory evidence</u>
to be the person whose name is subscribed to the§ within instrument and acknowledged to me that
he/she executed the same in his/her authorized capacity, and that by his/her signature on the
instrument the person, or the entity upon behalf of which the person acted, executed the instrument.


[NOTARY SEAL]

My Commission Expires:
                                    _____
                                    Notary Public


        Mott Marvin Kornicki
          State of Florida
          Notary Public
       Commission No. GG265229
     My Commission Expires 11/29/2022