UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

GUSTAVIA HOME, LLC,                                          Case No.: 1:16-cv-9318(JMF)

                          Plaintiff,

        -AGAINST-

ROYSTON D. BROWN A/K/A ROYSTON BROWNE; CONSTANCE R. BROWN A/K/A CONSTANCE R. BROWNE; NATIONSTAR MORTGAGE LLC; DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; CITY OF NEW YORK DEPARTMENT OF FINANCE PARKING VIOLATIONS BUREAU CITY COLLECTOR & BRONX REDEMPTION CENTER; "JOHN DOE" AND "MARY DOE", said Names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants persons or corporations, in any, having or claiming an interest in or lien upon the premises being foreclosed herein,

                          Defendants.
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SUCCESSOR-IN-MORTGAGEE'S INTEREST'S MOTION SEEKING LEAVE PURSUANT TO N.Y.R.P.A.P.L § 1301(3) TO FILE AN ACTION SEEKING A MONETARY JUDGMENT AGAINST THE DEFENDANTS**

                                               **MARGOLIN, WEINREB & NIERER, LLP**
                                               Seth D. Weinberg, Esq.
                                               *Counsel for Plaintiff*
                                               165 Eileen Way, Suite 101
                                               Syosset, New York 11791
                                               P: 516-921-3838
                                               E: seth@nyfclaw.com

Dated: May 8, 2023

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................ 2

LEGAL STANDARD........................................................................................................................ 3

ARGUMENT...................................................................................................................................... 4

   I.    LEAVE SHOULD BE GRANTED TO WINDWARD BORA TO COMMENCE A SUIT ON THE NOTE BECAUSE SPECIAL CIRCUMSTANCES HAVE BEEN ESTABLISHED ......................................... 4

CONCLUSION.................................................................................................................................. 6

# **TABLE OF AUTHORITIES**
**Cases**

*Cent. Tr. Co. v. Dann,*
   85 N.Y.2d 767, 651 N.E.2d 1278 (N.Y. Court of Appeals 1995) .......................................... 4, 5

*Citibank, N.A. v. Covenant Ins. Co.,*
   567 N.Y.S.2d 983 (N.Y. Sup. Ct., Rockland Co. 1991) ............................................................ 3

*Dollar Dry Dock Bank v. Piping Rock Builders, Inc.,*
   581 N.Y.S.2d 361 (N.Y. 2d Dept. 1992) ................................................................................. 3

*Lehman v. Roseanne Invs. Corp.,*
   106 A.D.2d 617, 483 N.Y.S.2d 106 (2d Dept. 1984) ................................................................ 5

National City Bank of New York v. Gelfert,
   284 N.Y. 13, 22 (N.Y. Court of Appeals 1940) ........................................................................ 3

*New York v. Green,*
   420 F.3d 99, 106 (2d Cir. 2005)………………………………………………………….5

*Resolution Trust Corp. v. J.I. Sopher & Co., Inc.,*
   108 F.3d 329 (2d Cir. 1997) ..................................................................................................... 3

*Rose v. Gershman,*
   402 N.Y.S.2d 921 (N.Y. Sup.Ct. New York Co. 1978) ............................................................ 4

*Sautter v. Frick,*
   229 A.D. 345, 242 N.Y.S. 369 (N.Y. App. Div. 1930)
   *aff'd* 256 N.Y. 535, 177 N.E. 129 (1931) ............................................................................ 4, 5

*Stein v. Nellen Development Corp.,*
   473 N.Y.S.2d 331 (N.Y. Sup.Ct., Suffolk Co. 1984) ............................................................ 4, 5

*Valley Sav. Bank v. Rose,*
   228 A.D.2d 666, 646 N.Y.S.2d 349 (N.Y. 2d Dept. 1996) ....................................................... 3

*Wand v. Saleh,*
   630 N.Y.S.2d 367 (N.Y. 2d Dept. 1995) .................................................................................. 3

**Statutes**
N.Y.R.P.A.P.L § 1301(3) …………………………………………………………………..*passim*

# INTRODUCTION

Windward Bora, LLC's ("Windward Bora") predecessor Gustavia Home LLC ("Gustavia") commenced this action seeking to foreclose its junior mortgage secured against the property known as 1723 Taylor Avenue, Bronx, New York 10460 (the "Property"). In 2018, Gustavia obtained a Judgment of Foreclosure and Sale on default in this Action. However, in 2019, Aurora Loan Services, LLC, the holder of the senior mortgage secured against the Property completed a foreclosure sale of the Property pursuant to the judgment of foreclosure and sale that it had obtained. With its Mortgage now foreclosed, Windward Bora filed an action in the Southern District of New York entitled *Windward Bora LLC v. Browne, et al,* Case No.: 1:20-cv-04748 seeking a monetary judgment based on Defendants' default under the terms of the Note (the "2020 Action"). Magistrate Judge Moses of the Southern District dismissed the 2020 Action. Magistrate Judge Moses reasoned that the 2020 Action should be dismissed because Windward Bora commenced the 2020 Action without first procuring leave pursuant to RPAPL § 1301(3).

Windward Bora now moves Court by the instant motion for an order pursuant to N.Y.R.P.A.P.L ("RPAPL") § 1301(3) granting Windward Bora leave to file an action seeking a monetary judgment against Defendants Royston D. Brown a/k/a Royston Browne and Constance R. Brown a/k/a Constance R. Browne (the "Defendants") for their default under the terms of the promissory note executed July 21, 2005 to First Estate Funding Corp, for $105,000.00 with interest as set forth in this Note and for all other and further relief this Court deems just and proper

This Court should grant the instant motion in its entirety because special circumstances have been established. Specifically, leave should be granted because Plaintiff's *in rem* interest in the Property has been foreclosed, and Plaintiff's only remedy to be made whole is an action based upon Defendants' admitted breach under the terms of the promissory Note.

1

## STATEMENT OF FACTS

On June 5, 2009, Aurora Loan Services, LLC, ("Aurora") as owner of Senior Mortgage commenced an action to foreclose in New York State Supreme Court, Bronx County entitled *Aurora Loan Services, LLC v. Browne, et. al.,* Bronx County Index No.: 381143/2009 (the "2009 Action"). Aurora named the record assignee of the Mortgage in the 2009 Action. The named assignee of record of Plaintiff's Mortgage failed to answer in the 2009 Action and a default judgment was entered. In October of 2016, Gustavia Home LLC filed a motion seeking to intervene in the 2009 Action. This motion was denied by the Hon. Howard H. Sherman on the basis that it was not filed timely. *See* Declaration of Seth D. Weinberg, Esq., ("Weinberg Decl.") **Exhibit D**.

On December 2, 2016, Gustavia Home, LLC commenced the instant action seeking to foreclose Plaintiff's Mortgage in the United States District Court For The Southern District of New York entitled *Gustavia Home, LLC v. Browne, et al*, Case No.: 16-cv-9318 (this "Action"). *See* ECF Dkt. No.: 1.; *see also* Weinberg Decl., **Exhibit E**. The Complaint in this Action was subsequently amended. *See* ECF Dkt. No.: 19; *see also* Weinberg Decl., **Exhibit F**. The Defendants were served with the Summons and Amended Complaint and failed to answer. *See* ECF Dkt. Nos.: 20-1 and 20-4; *see also* Weinberg Decl., **Exhibit G**.

As a result of the Defendants' failure to answer in this Action, Gustavia sought entry of Clerk's Defaults against the Defendants. *See* ECF Dkt. No.: 54; *see also* Weinberg Decl., **Exhibit H**. On May 2, 2017, Aurora obtained Judgment of Foreclosure and Sale in the 2009 Action. *See* Weinberg Decl., **Exhibit I**. On July 17, 2018, Gustavia obtained a Judgment of Foreclosure and Sale in this Action. *See* Weinberg Decl., **Exhibit J**.

Ultimately, pursuant to the Judgment of Foreclosure and Sale in the 2009 Action on January 14, 2019, the Property was sold at public auction by a Court Appointed Referee. *See* Weinberg Decl., **Exhibit K**.

By the Mortgage Loan Purchase Agreement dated November 1, 2019, Windward Bora, LLC ("Windward Bora") purchased the Loan. *See* Devico Aff., ¶ 8 and **Exhibit C**. The endorsed Note was physically delivered to Windward Bora on November 2, 2019. *See* Devico Aff., ¶ 9 and **Exhibit D**.

## LEGAL STANDARD

RPAPL § 1301(1) provides that when "final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff and has been returned wholly or partly unsatisfied". *See Valley Sav. Bank v. Rose,* 228 A.D.2d 666, 646 N.Y.S.2d 349 (2d Dept. 1996). RPAPL § 1301(3) further provides that "[w]hile [a foreclosure] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover *any part of the mortgage debt,* without leave of the court in which the former action was brought" (*emphasis adde*d). *See id.*

The purpose of RPAPL § 1301 is "to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action," *Resolution Trust Corp. v. J.I. Sopher & Co., Inc.,* 108 F.3d 329, 329 (2d Cir. 1997) *quoting Dollar Dry Dock Bank v. Piping Rock Builders, Inc.,* 581 N.Y.S.2d 361 (N.Y. 2d Dept. 1992); *see Citibank, N.A. v. Covenant Ins. Co.,* 567 N.Y.S.2d 983, 985 (N.Y. Sup. Ct., Rockland Co. 1991). New York courts have interpreted RPAPL § 1301(3) to allow a separate cause of action in

"special" circumstances. *See Resolution Trust Corp., supra; see also National City Bank of New York v. Gelfert,* 284 N.Y. 13, 22 (N.Y. Court of Appeals 1940); *Wand v. Saleh,* 630 N.Y.S.2d 367 (N.Y. 2d Dept. 1995). In general, "the question as to whether special circumstances have been shown is regulated by consideration of equitable principles on a case by case basis." *Stein v. Nellen Development Corp.,* 473 N.Y.S.2d 331, 332-33 (N.Y. Sup.Ct., Suffolk Co. 1984); *see Rose v. Gershman,* 402 N.Y.S.2d 921, 922 (N.Y. Sup.Ct. New York Co. 1978) ("[w]hether leave will be granted [to sue for deficiency] is a matter of discretion and turns upon equitable principles").

As in this case, a second position mortgage holder that obtains judgment and whose mortgage is then extinguished by the completion of a senior lien holder's foreclosure and a result cannot recover the full amount owed should be granted leave to commence a suit a note pursuant to RPAPL § 1301(3). *See Stein v. Nellen Dev. Corp.,* 123 Misc. 2d 268, 473 N.Y.S.2d 331 (N.Y. Sup. Ct., Suffolk Co., 1984); *see generally Cent. Tr. Co. v. Dann,* 85 N.Y.2d 767, 773, 651 N.E.2d 1278, 1282 (N.Y. Court of Appeals 1995) (holding that a foreclosed junior lien holder should not be barred from being made whole).

## ARGUMENT

**I.     Leave Should Be Granted To Windward Bora To Commence A Suit On The Note Because Special Circumstances Have Been Established**

This Court should issue an order granting Windward Bora leave pursuant to RPAPL § 1301(3) to commence an action for a monetary judgment based on Defendants' admitted default under the Note. Leave should be granted because Windward Bora, as second position mortgage holder should not be barred from being made whole based on the foreclosure completed by the senior mortgage holder.

A junior mortgagee whose lien and right of redemption are legally cut off by a foreclosure judgment and sale under a senior mortgage cannot maintain a foreclosure action against the

foreclosure purchaser and, whatever lien interest that they possessed has been transferred to the surplus moneys, if any, arising upon the sale. *See Sautter v. Frick,* 229 A.D. 345, 242 N.Y.S. 369 (App. Div. 1930) *aff'd* 256 N.Y. 535, 177 N.E. 129 (N.Y. Court of Appeals 1931). Thus, where a lienholder's *in rem* interest is destroyed by reason of a foreclosure sale, its only remedy is to commence an action on the note. *See Lehman v. Roseanne Invs. Corp.,* 106 A.D.2d 617, 483 N.Y.S.2d 106 (N.Y. 2d Dept. 1984).

Here, Gustavia commenced the instant action seeking to foreclose its Mortgage. *See* ECF Dkt. No.: 1.; *see also* Weinberg Decl., **Exhibit E**. Gustavia sought entry of Clerk's Defaults against the Defendants after they defaulted in the Instant Action.[1] *See* ECF Dkt. No.: 54; *see also* Weinberg Decl., **Exhibit H**. Gustavia then obtained a Judgment of Foreclosure and Sale in the Instant Action. *See* Weinberg Decl., **Exhibit J**. On May 2, 2017, Aurora obtained a Judgment of Foreclosure and Sale in its 2009 Senior Foreclosure Action. *See* Weinberg Decl., **Exhibit I**. On January 14, 2019, the Property was sold at public auction by a Court Appointed Referee pursuant to the Judgment of Foreclosure and Sale in the 2009 Action. *See* Weinberg Decl., **Exhibit K**. The sale of the Property resulted in no deficiency. *See id.* Windward Bora purchased the Loan from Gustavia on November 1, 2019. *See* Weinberg Decl., ¶ 13; *see also* Devico Aff., ¶ 13 and **Exhibits C** and **D**.

As a result of the completion of the 2009 Foreclosure Action, Windward Bora's Mortgage lien and its right of redemption were legally cut off and Windward Bora now cannot maintain or perfect its foreclosure judgment against the Property. *See Sautter, supra*. Windward Bora's only remedy is now to commence an action on the note. *See Roseanne Invs. Corp., supra*.

---

[1] Defendants are not entitled to notice of the instant motion because they defaulted in answering the complaint in the instant action, their default was entered, a default judgment was obtained and they have never made any effort to express "a clear intention to defend" this suit. *See New York v. Green,* 420 F.3d 99, 106 (2d Cir. 2005).

5

Accordingly, this Court should grant Windward Bora's instant application seeking an order granting Windward Bora leave pursuant to RPAPL § 1301(3) to commence a suit on note because Windward Bora has established that special circumstances do exist. *See Nellen Dev. Corp., supra.* Specifically, Windward Bora's *in rem* interest has been foreclosed and its only remedy to be made whole is to seek relief under the terms of the Note. Defendants have admitted to defaulting under the terms of said Note. Equity requires that this Court grant Windward Bora leave because denial of this motion will result in Windward Bora being barred from being made whole. This outcome is contrary to the logic that has been set forth by the New York Court of Appeals. *See Cent. Tr. Co., supra.*

## **CONCLUSION**

Plaintiff's successor-in-mortgagee's interest has established its entitlement to an order pursuant to RPAPL § 1301(3) to commence a suit on note. The *in rem* interest in the Property has been foreclosed, and the only remedy to make the movant whole is an action based upon the breach of the terms of the promissory Note. Therefore, the instant motion should be granted in its entirety.

Dated: May 8, 2023
      Syosset, New York

                          */s/ Seth D. Weinberg*
                          Seth D. Weinberg, Esq.