```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
GUSTAVIA HOME, LLC,                                               :
                                                                  :
                               Plaintiff,                         :    16-CV-9318 (JMF)
                                                                  :
                -v-                                               :
                                                                  :    MEMORANDUM OPINION
ROYSTON D. BROWN et al.,                                          :         AND ORDER
                                                                  :
                               Defendant.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In 2005, Plaintiff Gustavia Home LLC's predecessor-in-interest issued a loan of $105,000 to Defendants, secured by a junior mortgage on Defendants' property in the Bronx. ECF No. 84, ¶ 3. In 2009, the senior mortgage holder, Aurora Loan Services, LLC, commenced a foreclosure action in New York State Supreme Court. *Id.* ¶ 5. Seven years later, Plaintiff sought to intervene in that action, but its motion was denied as untimely. *Id.* ¶ 6. Plaintiff turned around and brought this case here, seeking to foreclose on its junior mortgage. ECF No. 1. In 2018, Plaintiff obtained a default judgement against Defendants. *See* ECF No. 81. The following year, however, the senior mortgage holder completed a foreclosure sale of the property, after having obtained a judgment of foreclosure. *See* ECF No. 85 ("Pl.'s Mem."), at 1. The foreclosure sale resulted in no deficiency. ECF No. 84-11, at 12.

In 2020, Plaintiff's successor-in-interest, Windward Bora, LLC, commenced a new action in this District against Defendants, this time seeking to recover on the note that Defendants had signed. *See Windward Bora LLC v. Browne*, 20-CV-4748 (BCM), 2023 WL 2744684, at *1 (S.D.N.Y. Mar. 31, 2023) ("*Windward Bora I*"). In March of this year, Magistrate Judge Moses granted summary judgment to Defendants in that case, holding that Windward Bora's action was

barred by Section 1301(3) of New York's Real Property Actions and Proceedings Law, which provides that "while an action to recover a mortgage debt is pending, 'or after final judgment for the plaintiff therein,' no other action shall be 'commenced or maintained to recover any part of the mortgage debt . . . without leave of the court in which the former action was brought.'" *Id.* at *13 (quoting N.Y. R.P.A.P.L § 1301(3)).  Magistrate Judge Moses acknowledged that, under New York law, a court has discretion to treat a second action commenced without leave as a *nunc pro tunc* application for such leave.  *See id.* at *14.  But, she continued, "[i]n exercising that discretion . . . — particularly where a party seeks to bring an action on the note after obtaining a final judgment of foreclosure in the prior action — courts require a showing that 'special circumstances' 'manifestly required that course.'" *Id.* (quoting *Rainbow Venture Assocs., L.P. v. Parc Vendome Assocs., Ltd.*, 633 N.Y.S.2d 478, 479 (1st Dep't 1995)).  Magistrate Judge Moses proceeded to hold that, for several reasons not necessary to summarize here, Windward Bora had failed to demonstrate "special circumstances . . . that 'manifestly required' that Windward [Bora] bring this action." *Id.* at *14-15.

Shortly thereafter, Windward Bora filed a motion in this case, seeking leave pursuant to Section 1301(3) to commence an action for monetary judgment against Defendants based on their default on the note.  Pl.'s Mem. 1.  Windward Bora contends that it meets the "special circumstances" requirement because its subordinate lien was extinguished at the foreclosure sale in 2019 and, thus, it has no way to be made whole other than to commence a separate action on the note.  *See id.* at 5-6.  But that argument and Windward Bora's motion more generally are plainly precluded by Magistrate Judge Moses's ruling in *Windward Bora I*.  Under New York law, which applies here, *see Phoenix Light SF Ltd. v. Bank of New York Mellon*, 66 F.4th 365, 371 (2d Cir. 2023), "collateral estoppel bars relitigation of an issue when (1) the identical issue

2

necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action," *id.* (internal quotation marks omitted).  Both conditions are met here.

First, Magistrate Judge Moses squarely held that there were no "special circumstances" justifying a second suit on the note and that ruling is decisive here.  To be sure, Windward Bora did not, in *Windward Bora I*, move *ex ante* for leave to bring a claim, as it does here.  But, relying on New York law, Magistrate Judge Moses treated Windward Bora's lawsuit as a *nunc pro tunc* application for such leave and rejected it for lack of "special circumstances."  *Windward Bora I*, 2023 WL 2744684, at *13-15.  Perhaps not understanding the definition of "*nunc pro tunc*," Windward Bora asserts that that means the issue she decided was not identical to the issue presented here.  *See* ECF No. 92 ("Pl.'s Reply"), at 1, 4.  But as relevant here, "*nunc pro tunc*" means "[h]aving retroactive legal effect."  Black's Law Dictionary 1237 (10th ed. 2014).  In other words, Magistrate Judge Moses treated Windward Bora's new lawsuit *as if* it were an application for leave to file suit pursuant to Section 1301(3).  It follows that she decided the precise issue presented here — namely, whether there are "special circumstances" justifying a new action despite the earlier foreclosure action.  (Were there any doubt on that score, it would be resolved by the fact that she cited only to cases analyzing the issue in the context of *ex ante* motions for leave.  *See Windward Bora I*, 2023 WL 2744684, at *9 (citing *Sanders v. Palmer*, 68 N.Y.2d 180, 185 (1986); *Dyck-O'Neal, Inc. v. Thomson*, 56 A.D.3d 1262, 1264 (4th Dep't 2008)).)  And her ruling — that there are not "special circumstances" — is decisive.

Second, Windward Bora fails to show that it lacked a "full and fair" opportunity to litigate the issue of "special circumstances" before Magistrate Judge Moses.  Significantly, under New York law, the burden is on the party opposing collateral estoppel to show that it did not

have a "full and fair opportunity" to litigate the issue being precluded. *See, e.g.*, *Cap. Tel. Co. v. Pattersonville Tel. Co.*, 56 N.Y.2d 11, 18 (1982). Windward Bora does not even try to satisfy that burden, instead putting all of its eggs in the identical-issue basket. In any event, it is plain that Windward Bora had a full and fair opportunity to litigate the issue — and did, in fact, litigate the issue, making precisely the same arguments that it makes here. *See* Mem.Law Opp'n Defs.' Mot. Summ. J. 9-12, ECF No. 86, *Windward Bora LLC v. Browne*, 20-CV-4748 (BCM); Reply Mem. Law Further Supp. Pl.'s Mot. Summ. J. 6-7, ECF No. 91, *Windward Bora LLC v. Browne*, 20-CV-4748 (BCM). It is true that Windward Bora has appealed from Magistrate Judge Moses's ruling and that appeal is pending. *See Windward Bora LLC v. Browne*, No. 23-684 (2d Cir.). But it is well established that a pending appeal does not affect the preclusive effect of a lower court judgement. *See Ranasinghe v. Kennell*, No. 16-CV-2170 (JMF), 2017 WL 384357, at *4 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir. 2018).

    For the foregoing reasons, the Court concludes that Windward Bora is collaterally estopped from arguing that there are "special circumstances" permitting the commencement of a suit against Defendants pursuant to N.Y. R.P.A.P.L Section 1301(3). Accordingly, Windward Bora's Motion for Leave must be and is DENIED.

    The Clerk of Court is directed to terminate ECF No. 82.

    SO ORDERED.

Dated: October 5, 2023  
       New York, New York

                                            JESSE M. FURMAN  
                                          United States District Judge